JENKINS and others *v.* WILD and JENKINS, 14 Wend. 539.

### *Decree ; Final or Interlocutory ?*

THIS was an appeal from an order or decree of the Chancellor, settling the *principles of the decree,* but ordering a reference to a master to *restate* the accounts, &c., upon the coming in of whose report, a subsequent final order or decree was to be made, and the question arose, on a motion to quash the appeal, for having been brought after 15 days, whether this *decretal order* was to be considered as a *final* decree within the statute, or an interlocutory order or decree from which an appeal must be brought within 15 days?

The Court of Errors held, that this decretal order, though it disposed of the main questions in the cause, and settled the principles of the final decree, was not, however, a *final* decree of itself, and that it was also well settled, that the 15 days were to run from the *notice* of the decree by the party entering the order, to the party appealing, unless the party appealing had entered the order appealed from. The cases of *Kane* v. *Whittick,* 8 Wend. 219 ; *Travis* v. *Waters,* 12 J. R. 500 ; and *Jaques* v. *The Methodist Episcopal Church,* 17 J. R. 558, are referred to, as to what are interlocutory or final decrees. But as no *notice* of the entry of the order appealed from had been given to the appellant's solicitor, the court held that the appeal was well brought, although the appellant's solicitor, had *actual knowledge* of the entry of the order, no *formal notice in writing* having been served upon him by the opposite party to limit the time of appeal.

Motion to quash appeal, *denied.*